UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

ALEXANDER HARVEY-OGENTHO                                          PLAINTIFF

v.                                              CIVIL ACTION NO. 5:25-CV-P118-JHM

DEPUTY WALTER                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alexander Harvey-Ogentho, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action.  The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, some claims will be dismissed while one claim will be allowed to proceed.

**I. STATEMENT OF CLAIMS**

Plaintiff, a convicted inmate incarcerated at the Christian County Jail (CCJ) during the pertinent time period, sues Deputies Walter, Clark, Flowers, Muldrow, and Anderson, and Sergeant Plesha in their individual capacities.  He alleges that on May 20, 2025, he was placed on suicide watch where he remained until June 20 or 21, 2025.  He states that on June 14, 2025, after not being allowed to shower for approximately 72 hours he explained his need for a shower to Defendant Muldrow who then told him that he did not have time to take a shower.  Defendant Muldrow also denied his request to speak to a commander.  Plaintiff then proceeded to kick the door in an attempt to attract a sergeant to come speak with him so that he could ask to take a shower.  This resulted in Plaintiff being placed in a restraint chair.

Plaintiff further alleges that his Eighth Amendment rights were violated by Defendants Clark, Flowers, and Anderson when he was left in the restraint chair for 16 hours with no restroom

breaks, causing him to urinate on himself twice.  He states that Defendants Clark, Flowers, and Anderson told him that they did not have to allow him to use the restroom and that they could keep him in the chair for 72 hours for refusing to eat and declaring that he is on a hunger strike.

According to Plaintiff, after about 12 hours in the chair, Defendant Plesha and a nurse arrived to take his vitals.  At that time, Plaintiff explained the situation to Defendant Plesha, who said that he would get him out of the chair so that he could shower, but he did not instruct anyone to do so until three or four hours later.

Plaintiff next claims that, after he was removed from suicide watch on June 20, 2025, he kicked the door to attract non-Defendant Sergent Robbins's attention to speak to him about problems he was having accessing his personal property.  When he heard the cell block door open, and before deputies reached his cell door, Plaintiff assumed the "prone compliance" position.  Once his cell door opened, Defendant Walter allegedly used excessive force when he shot him with a taser dart, tasing him for 30-60 seconds while Plaintiff was lying in the prone position, despite Plaintiff never having made any aggressive movement.  According to the complaint, the tasing caused cramping and numbness in Plaintiff's leg for a week.

Plaintiff requests compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff

and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendants Muldrow and Plesha

According to the complaint, despite explaining that he had not been allowed to shower for approximately 72 hours, Defendant Muldrow refused Plaintiff a chance to shower because there was not enough time. Plaintiff also alleges that once he explained that he had urinated on himself twice while in the restraint chair to Defendant Plesha, Defendant Plesha responded that he would

get Plaintiff out of the chair so that he could shower.  Yet, Defendant Plesha did not instruct anyone to do so until three or four hours later.[1]

To prevail on an Eighth Amendment conditions-of-confinement claim, a prisoner must show: (1) an objective component that he experienced serious deprivations that denied him "'the minimal civilized measure of life's necessities,'" *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); and (2) that prison officials "acted wantonly, with deliberate indifference to the [prisoner's] serious needs." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Life's necessities include essential food, medical care, and sanitation.  *Graves v. Tenn. Dep't of Corr.*, No. 2:22-CV-02078-SHM-TMP, 2024 WL 6048896, at *3 (W.D. Tenn. Mar. 29, 2024) (citing *Rhodes*, 450 F. App'x at 455).

The Sixth Circuit has concluded that being deprived of a shower for a "brief span of time . . . , i.e., only six days" is not actionable conduct.  *Siller v. Dean,* 205 F.3d 1341 (6th Cir. Feb.1, 2000) (unpublished decision); *see Walker v. Mintzes,* 771 F.2d 920, 928 (6th Cir. 1985) (affirming the district court's order that prisoners in administrative segregation, not in frequent contact with others, be afforded at least one shower per week as a constitutional minimum); *see also Richmond*, 450 F. App'x at 455 ("deprivation of a shower . . . for a 'brief span of time' . . . is not actionable conduct") (citation omitted); *Farmer v. Parker*, No. 2:21-CV-152, 2022 WL 456796, at *4 (E.D. Tenn. Feb. 14, 2022) (deprivation of a shower for a week did not violate the Constitution).

---

[1] It is not clear whether Plaintiff's allegation is that Defendant Plesha did not make it possible for him to shower for three to four hours after he said he would or that Defendant Plesha made him wait three or four additional hours after the approximately 72 hours he had been denied a shower.  Either way, Plaintiff fails to state an Eighth Amendment claim.

Accordingly, the Court will dismiss Plaintiff's claims against Defendants Muldrow and Plesha for failure to state a claim upon which relief may be granted.

### B. Defendants Clark, Flowers, and Anderson

Plaintiff alleges that Defendants Clark, Flowers, and Anderson violated his Eighth Amendment right to be free from cruel and unusual punishment by leaving him in the restraint chair for 16 hours with no restroom breaks, resulting in his twice urinating on himself.

Plaintiff's claim that on two occasions he was not allowed to use the restroom fails to state a claim for which relief may be granted. *See Rhodes,* 452 U.S. at 347; *Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir. 1999) (plaintiff prisoner's allegation that he was not allowed to use the toilet and was made to sit in his own urine for two eight-hour periods did not violate the Eighth Amendment, which requires that the conditions of confinement not fall below the minimal standards of civilized society) (citing *Farmer,* 511 U.S. at 832); *Pena v. Brown*, No. 2:20-CV-250, 2021 WL 4350124, at *10 (W.D. Mich. Sept. 23, 2021) (dismissing for failure to state a claim one prisoner's claim that he was denied permission to use the restroom for 13 hours and another prisoner's claim that he was denied permission to use the restroom for 11 hours); *Rice v. Jones*, No. 1:22-CV-695, 2023 WL 2477594, at *11 (S.D. Ohio Mar. 13, 2023) (dismissing on initial review plaintiff's claim that defendant refused to let him use the restroom while in a restraint chair for failure to state a claim under the Fourteenth Amendment, which has a similar standard as the Eighth Amendment), *report and recommendation adopted*, 2023 WL 3151861 (S.D. Ohio Mar. 31, 2023); *Lane v. Green*, No. 5:21-CV-1377, 2022 WL 60215, at *2 (N.D. Ohio Jan. 6, 2022) (dismissing prisoner's Eighth Amendment claim that he was forced to urinate on himself because he was refused permission to use the restroom for failure to state a claim).

### C. Defendant Walter

Plaintiff alleges that Defendant Walter tased him for 30-60 seconds despite Plaintiff being in the prone position, without having made an aggressive movement, causing Plaintiff's leg to cramp and be numb for a week.

Accepting Plaintiff's allegations as true, Plaintiff alleges that Defendant Walter's use of the taser was gratuitous, and prisoners have a right to be free from the gratuitous infliction of force. *See Hudson*, 503 U.S. at 9 ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated[,] . . . whether or not significant injury is evident.") (internal citation omitted)); *Clay v. Coy*, No. 12-10140, 2013 WL 1278396, at *5 (E.D. Mich. Feb. 25, 2013) (noting that a prisoner has the right "to be free from gratuitous violence that does not further a legitimate penological interest"), *report and recommendation adopted*, 2013 WL 1278496 (E.D. Mich. Mar. 26, 2013). The Court will allow Plaintiff's Eighth Amendment claim against Defendant Walter to continue.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against Defendants Clark, Flowers, Muldrow, Anderson, and Plesha are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED to terminate** Defendants Clark, Flowers, Muldrow, Anderson, and Plesha as parties to this action.

Plaintiff's Eighth Amendment claim against Defendant Walter will continue. In allowing this claim to continue, the Court expresses no opinion on its ultimate merit.

The Court will enter a Service and Scheduling Order to govern the development of the remaining claim.

Date:   February 3, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4144.009

7